ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| CARMEN O. MARTÍNEZ MILIAN<br><br>Recurrida<br><br>DEPARTAMENTO DE EDUCACIÓN<br><br>Patrono<br><br>v.<br><br>Asegurador:<br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO<br><br>Asegurador-Recurrente<br><br>COMISIÓN INDUSTRIAL DE PUERTO RICO<br><br>Agencia-Recurrida | KLRA20240657 | *Revisión Administrativa* procedente de la Comisión Industrial de Puerto Rico<br><br>Caso C.I. 23-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-01<br><br>Caso C.F.S.E.: 22-26-24326-0<br><br>Sobre:<br>Tratamiento o Mayor Incapacidad (Condición orgánica) |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de marzo de 2025.

I.

El 9 de marzo de 2022 la Sra. Carmen O. Martínez Milian radicó una reclamación en la Corporación del Fondo del Seguro del Estado (CFSE). Alegó, que mientras intervenía con un estudiante que sufría una crisis, resultó con una lesión en su mano izquierda. El 9 de marzo de 2022 la señora Martínez Milian fue evaluada por su médico primario y este la refirió a evaluación por la Unidad Interdisciplinaria del Asegurador. Tras ser evaluada por la psicóloga, y luego, el 16 de marzo de 2022 psiquiátricamente, el psiquiatra determinó que la señora Martínez Milian no padecía de condición emocional y la refirió para que le dieran el alta.

El 10 de marzo de 2022, notificada el 15 de marzo, la CFSE emitió la decisión del *Administrador sobre Tratamiento Médico*. Determinó que, con relación a las condiciones orgánicas (esguinces de la muñeca izquierda), la señora Martínez Milian recibiría tratamiento médico en descanso hasta el 15 de marzo de 2022. **Con relación a las condiciones emocionales, determinó que se mantendría pendiente hasta el 22 de marzo de 2022**. La CFSE autorizó a la señora Martínez Milian a continuar su tratamiento médico mientras trabajaba, a partir del 23 de marzo de 2022.

El 17 de marzo de 2022, notificada el 18 de marzo, la CFSE **dio de alta a la señora Martínez Milian por las condiciones emocionales** y ordenó que continuara recibiendo tratamientos por las condiciones orgánicas. A diferencia de las notificaciones emitidas tras celebrarse las vistas presencialmente, que aparecen firmadas por la señora Martínez Milian, esta notificación no fue firmada por la señora Martínez Milian debido a que la vista fue celebrada de manera virtual. Dicha notificación aparece firmada como *Administrativo*.

El 19 de septiembre de 2023, notificada el 21, la CFSE notificó la *Decisión del Administrador sobre Tratamiento Médico*. En esta ocasión dio de alta a la señora Martínez Milian efectivo el 19 de septiembre de 2023, no sin antes reconocerle condiciones sin capacidad y otras con capacidad. En una próxima *Decisión del Administrador* sobre la incapacidad parcial permanente emitida el 3 de octubre de 2023, notificada el 5, la CFSE le reconoció una incapacidad parcial permanente de un 5% de las funciones fisiológicas en su brazo izquierdo en o más arriba del codo, y un 3% de las funciones fisiológicas de la muñeca de la mano izquierda.

El 8 de noviembre de 2023 la señora Martínez Milian, esta vez por conducto de representación legal, apeló ante la Comisión Industrial (CI), la decisión emitida por la CFSE el 3 de octubre de

2023. **El 12 de abril de 2024 la señora Martínez Milian radicó una moción ante la CI para que se dictara decisión institucional sobre la condición emocional tratada en la CFSE.** El 25 de abril de 2024, tras celebrar Vista Médica conforme a la Apelación radicada, la CI aumentó a un 10% la incapacidad otorgada por la condición del brazo en o más arriba del codo por esguince de hombro izquierdo, tendinopatía del *supraespinatus* y residuales dolorosos.

Inconforme con lo anterior, la señora Martínez Milian apeló la Vista Médica. El 18 de junio de 2024 se celebró una vista pública para revisar las determinaciones realizadas por la CI en Vista Médica. En la referida vista, se acogieron las recomendaciones de los médicos evaluadores de ratificar la incapacidad otorgada en la Vista Médica. **Ese día, la señora Martínez Milian informó haber presentado moción ante la CI para que CFSE se expresara sobre su condición emocional**. **Le solicitó a la CI que ordenara a la CFSE a emitir una decisión institucional por dicho aspecto emocional**. Ante ello, la CFSE entregó la copia de Decisión del Administrador sobre tratamiento médico notificada el 18 de marzo de 2022.[1] Sin embargo, la señora Martínez Milian alegó que la decisión era deficiente y no cumplía con el debido proceso de Ley.

El 1 de agosto de 2024 la CI ordenó al Administrador de la CFSE emitir decisión institucional sobre relación causal de la condición emocional dentro del término de sesenta (60) días contados a partir de la notificación de la *Resolución*. El 12 de agosto de 2024 la CFSE presentó una *Moción de Reconsideración*. Alegó que, no se habían realizado las determinaciones de hechos y conclusiones de derecho en las cuales la CI se sostenía. Además, arguyó que **la determinación emitida con relación al aspecto**

---

[1] En la referida decisión del Administrador del CFSE se determinó que no existía evidencia de condición emocional de la señora Martínez Milián, por tanto, se le daba de alta por lo anterior.

**emocional nunca fue apelada ante la CI, por tanto, esta carecía de jurisdicción para ordenar a la CFSE a emitir una nueva decisión sobre un aspecto que advino final y firme.**

El 20 de agosto de 2024 la CI emitió una notificación acogiendo *Moción de Reconsideració*n y *Orden*, concediendo un término de veinte (20) días para que la señora Martínez Milian se opusiera. El 30 de septiembre de 2024 la señora Martínez Milian presentó su alegato en oposición. El 1 de noviembre de 2024 la CI notificó *Resolución* declarando No Ha Lugar la *Reconsideración* presentada por la CFSE. Aun inconforme, el 27 de noviembre de 2024, la CFSE recurrió ante nos mediante *Recurso de Revisión*. Plantea:

> 1. Erró la Comisión Industrial al ordenar a la CFSE emitir nueva Decisión sobre una condición emocional, aspecto atendido y ya resuelto, que **nunca** fue apelada ante dicho foro y que advino final y firme, por lo que actuó sin tener jurisdicción sobre la misma.

> 2. Erró la Comisión Industrial al abusar de su discreción e intervenir y adjudicar la validez de una decisión del Administrador de la CFSE que **nunca** fue apelada ante dicho foro, actuando sin jurisdicción sobre la misma.

El 10 de enero de 2025 emitimos *Resolución* concediendo a la CI y a la señora Martínez Milian un plazo de diez (10) días para expresarse. El 24 de enero de 2025 la CI presentó su *Alegato en Oposición a la Solicitud de Revisión*. Con el beneficio de la comparecencia de las partes, el Derecho y jurisprudencia aplicable, procedemos a resolver.

II.

A.

La Ley del Sistema de Compensaciones por Accidentes de Trabajo, Ley Núm. 45 de 18 de abril de 1935, tiene como propósito:

> [P]romover el bienestar de los habitantes d[el] Pueblo de Puerto Rico, en lo referente a accidentes que causen la muerte o lesiones, o enfermedades o muerte derivadas de la ocupación de los trabajadores en el curso de su empleo; Establecer el deber de los patronos en compensar a sus trabajadores beneficiarios según se

definen en esta Ley por razón de enfermedades o muerte derivadas de la ocupación, lesiones o muerte independientes de negligencia y proveer los medios y métodos para hacer efectivo este deber; Establecer la forma de seguro y reglamentar el mismo; Continuar el seguro por el estado, como forma exclusiva; Crear una Comisión Industrial; determinar sus facultades y deberes; Crear el cargo de Administrador del Fondo del Estado [Corporación del Fondo del Seguro del Estado], y definir las facultades y deberes de dicho Administrador. . . .[2]

El Art. 9 de la referida Ley extiende la oportunidad al obrero, empleado o sus beneficiarios, a apelar la decisión del Administrador. En lo pertinente, establece:

Si el obrero o empleado, o sus beneficiarios, no estuviesen conformes con la decisión dictada por el Administrador de la Corporación del Fondo del Seguro del Estado en relación con su caso, **podrán apelar ante la Comisión Industrial dentro de un término de treinta (30) días después de haber sido notificados con copia de la decisión del Administrador**, y el caso se referirá a un oficial examinador. En los casos de patronos no asegurados, tanto el obrero como el patrono podrán acudir a la Comisión Industrial una vez el Administrador haya declarado al patrono como uno no asegurado, teniendo dicho patrono un término de treinta (30) días para apelar la decisión del Administrador.[3]

Con relación a la notificación de órdenes o resoluciones finales, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38-2017, según enmendada,[4] dispone:

La agencia deberá **notificar con copia simple por correo ordinario** o electrónico a las partes, y a sus abogados de tenerlos, la orden o resolución a la brevedad posible, y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación. Una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma.[5]

Para que se activen los términos para recurrir de cualquier determinación, esta tiene que haberse notificado efectiva y fehacientemente. Es a partir de la notificación que comienzan a

---

[2] Propósito del estatuto, 1935 Leyes de Puerto Rico 251.
[3] 11 LPRA § 11 (énfasis nuestro).
[4] 3 LPRA § 9601 *et seq.*
[5] 3 LPRA § 9654 (énfasis nuestro).

transcurrir los términos establecidos en la resolución u orden.[6] En tal sentido, la correcta y adecuada notificación de una determinación final de una agencia administrativa es una característica imprescindible del debido proceso ley.[7] Sólo así pueden las partes advenir en conocimiento de lo resuelto, de modo que puedan solicitar oportunamente los remedios que en derecho consideren pertinentes y que tengan a su disposición.[8] Para que una resolución u orden surta efecto, tiene que ser emitida por un foro con jurisdicción y ser además notificada a las partes.

El Tribunal Supremo ha expresado que una vez la Asamblea Legislativa ha concedido el derecho a la revisión judicial, el debido proceso de ley requiere que esta revisión sea efectiva, por lo que la falta de una notificación adecuada podría afectar la facultad de una parte para cuestionar la determinación dictada por el organismo administrativo, enervando así las garantías del debido proceso de ley.[9]

De otro lado, la Regla 6 del Reglamento de Procedimiento de la Comisión Industrial de Puerto Rico, Reglamento Núm. 7361, dispone que, "[t]oda persona que resulte adversamente afectada por una Decisión del Administrador podrá apelarla ante la Comisión dentro del término de treinta (30) días, contados a partir de la fecha de la notificación de la misma. Este término es de carácter jurisdiccional".[10] Siendo de carácter jurisdiccional, este término no puede ser prorrogado.[11] Así lo reiteró el Tribunal Supremo en *Nieves* v. *FSE* 163 DPR 76, 89 (2004), al expresar que:

---

[6] *Caro* v. *Cardona*, 158 DPR 592, 600 (2003).
[7] *Comisión Ciudadanos* v. *G.P. Real Property*, 173 DPR 998, 1014 (2008); *Rodríguez Mora* v. *García Llorens*, 147 DPR 305, 309 (1998); *Colón Torres* v. *A.A.A.*, 143 DPR 119, 124 (1997).
[8] *Caro*, 158 DPR en la pág. 599.
[9] *Olivo* v. *Srio. de Hacienda*, 164 DPR 165 (2005); *Pta. Arenas Concrete Inc.* v. *J. Subastas*, 153 DPR 733 (2001); *Colón Torres*, 143 DPR en la pág. 124 esc. 4.
[10] Reglas de procedimiento de la Comisión Industrial de Puerto Rico, Reglamento Núm. 7361.
[11] *Kelly Temporary Services* v. *F.S.E.*, 142 DPR 290, 299 (1997); Véase también *Rodríguez Rivera* v. *De León Otaño*, 191 DPR 700 (2014); *Mun. de San Sebastián*

[E]s forzoso concluir que el término de treinta (30) días aquí involucrado, es uno de naturaleza jurisdiccional, pues el estatuto no -concede al organismo administrativo ni a los tribunales discreción para prorrogar el mismo. Por lo tanto, una vez comienza dicho término a decursar y finaliza, sin que se haya presentado oportunamente una moción interruptora, se extingue el derecho a apelar y la facultad del organismo revisor para intervenir. [Citas omitidas].

III.

En este caso se plantea que, en tanto y en cuanto la notificación de la Decisión del CFSE del 18 de marzo de 2022 -que determinó la No Evidencia de Condición Emocional a la señora Martínez Milian-, fue insuficiente, no transcurrieron los términos que tenía la señora Milian para apelar. Sin embargo, a poco revisamos las constancias del expediente, advertimos que, aunque la Decisión no fue entregada a la mano, ni firmada como recibida por la lesionada, por haberse celebrado la vista del 17 de marzo de 2022 mediante la modalidad de telemedicina, debido al estado de emergencia generado por la Pandemia de Covid-19, dicha Decisión sí le fue notificada a la señora Martínez Milian el 18 de marzo de 2022 por correo postal. Se utilizó, como en todas y cada una de las notificaciones de las decisiones sobre Tratamiento Médico, la Forma 395, que contienen las advertencias del término jurisdiccional para apelar.

Esta Forma 395, nomenclatura para identificar las Decisiones del Administrador sobre Tratamiento Médico que data de más de treinta (30) años, informan y notifican a las partes sobre las determinaciones de carácter médico que se determinan conforme a la reclamación incoada, los diagnósticos establecidos, las condiciones reconocidas y/o aquellas sobre las cuales se determina que no está relacionada al trabajo, sobre la falta de evidencia de la existencia de una condición y a su vez sobre la determinación de la

---

v. *QMC Telecom*, 190 DPR 652 (2014); *Shell* v. *Srio. Hacienda*, 187 DPR 109 (2012); *Gearheart* v. *Haskell Burress*, 87 DPR 57, 61 (1963).

forma y manera que recibirá el tratamiento a efectuar, sea este en descanso o mientras trabaja (C.T.), y por último si el lesionado o lesionada es dado de alta con incapacidad, cuando quedan residuales incapacitantes o sin incapacidad, cuando la condición curó sin residuales.

Habiéndose notificado la decisión adecuadamente, es obligado concluir que CI carecía de jurisdicción sobre la determinación emitida por la CFSE el 18 de marzo de 2022, decretando que no existía evidencia de condición emocional de la señora Martínez Milian. A la fecha en que la representación legal de la señora Martínez Milian exigió a la CFSE emitiera Decisión institucional sobre condición emocional, así como a la fecha en que pidió a la CI exigiera a la CFSE cumplir con su solicitud, habían transcurrido más de los treinta (30) días jurisdiccionales que se tenía para apelar. Por lo tanto, ni la CFSE tenía jurisdicción para expresarse nuevamente sobre ello, ni la CI tenía jurisdicción para ordenar a la CFSE expresarse al respecto.

La señora Martínez Milian también cuestiona la suficiencia sustantiva de la Decisión del Administrador del CFSE. Aduce que esta no expresa las razones sobre las que descansa para determinar la No Evidencia de la condición emocional. Sin embargo, justipreciamos que, en ella se consignó de forma clara y precisa, **que no hubo evidencia de una condición emocional**. Ello no permite inferir otra cosa que no sea, que no hubo hallazgos que sostuvieran la existencia de una condición emocional.

Debidamente advertida de su derecho a apelar la Decisión dentro del término de treinta (30) días ante la CI, de no haber estado de acuerdo con la misma, la señora Martínez Milian no apeló oportunamente. su reclamo ante la CI para que este cuerpo apelativo ordenara a la CFSE expresarse sobre la condición emocional, así pues, no le otorgó jurisdicción a la CI para ordenar a

la CFSE hacerlo. Esta tampoco tenía jurisdicción sobre el asunto. Por tanto, la CI actuó sin jurisdicción sobre la materia, y nada podía subsanársela ni abrogársela.[12]

IV.

Por los fundamentos antes expresados, *expedimos* el auto de *Revisión* solicitado y *revocamos* la *Resolución* de la CI.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[12] *Martínez* v. *Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado* v. *Pichardo*, 104 DPR 778, 782 (1976).